202

HERMAN REINHARDT, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed October 9, 1934.*

SPENSLEY & FRITZ, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

On June 10, 1933 claimant was the owner of and operating a certain Pontiac coach in an easterly direction upon a certain public highway in the State of Indiana known as U. S. Interstate Highway No. 12, at or near the City of Baileytown. At the same time one Robert Phillips, an employee of the Department of Trade and Commerce, Division of Oil Inspection of the State of Illinois, was operating a certain Ford automobile owned by the respondent, in the same direction, on said highway.

Claimant alleges that the respondent, by its said agent, so carelessly and negligently operated said Ford automobile, that it ran into and collided with the automobile of the claimant, whereby the said automobile of the claimant was damaged and destroyed.

The facts are not in dispute, and the Attorney General contends that, admitting the allegations of the complaint, still there is no liability on the part of the State, for the reason that the doctrine of respondeat superior does not apply to the State, and that therefore the Respondent is not liable in this case.

The claimant admits that there is no liability under the doctrine of respondeat superior, but claims the right to an award on the ground of equity and good conscience.

The right of this court to make an award in any case on the ground of equity and good conscience was fully considered in the case of *Crabtree* vs. *State,* 7 C. C. R. 207, as well as in the case of *Morrissey* vs. *State,* No. 2233, decided at

the January Term, 1934, of this court. In those cases we held in substance that the jurisdiction of this court is limited to claims in respect of which the claimant would be entitled to redress against the State either at law or in equity, if the State were suable; that this court has no authority to allow any claim unless there is a legal or equitable obligation on the part of the State to pay the same, however much the claim might appeal to the sympathies of the court; that unless the claimant can bring himself within the provisions of a law giving him the right to an award, he cannot invoke the principles of equity and good conscience to secure such an award.

The same conclusion was reached by this court in numerous previous cases. See *Schmidt* vs. *State,* 1 C. C. R. 76; *Jorgenson* vs. *State,* 2 C. C. R. 134; *Ryan* vs. *State,* 4 C. C. R. 57; *Watkins* vs. *State,* 6 C. C. R. 172; *Mercer* vs. *State,* 6 C. C. R. 20; *Peterson* vs. *State,* 6 C. C. R. 77; *Perry* vs. *State,* 6 C. C. R. 81.

We appreciate that the rule above announced has not always been adhered to by this court, but we are convinced that it is the correct rule of law, and feel that we have no right to depart from the same.

The claimant has not established a case in which he would be entitled to redress against the State if it were suable, and therefore we have no authority to allow an award.

IT IS THEREFORE ORDERED that an award be denied and that the case be dismissed.